

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-7-2006

# Delgado-Sanchez v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-4533

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Delgado-Sanchez v. Atty Gen USA" (2006). *2006 Decisions*. Paper 1635.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1635

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No.  02-4533

JAIME DELGADO-SANCHEZ;
LORENZA JIMENEZ-TECANHUEY,

Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

On Petition for Review from an Order of the
Board of Immigration Appeals
(Board No. A77-034-273)

Submitted Under Third Circuit LAR 34.1(a)
on September 5, 2003

BEFORE:  SLOVITER, ROTH and NYGAARD, Circuit Judges

(Opinion Filed:  February 7, 2006)

O P I N I O N

**ROTH**, Circuit Judge:

Jaime Delgado-Sanchez and Lorenza Jiminez-Tecanhuey petition for review of the

Order of the Board of Immigration Appeals (BIA) denying their application for

cancellation of removal. We do not have jurisdiction to review this petition and therefore will deny it.

Because the parties are familiar with the facts and procedural posture, we will provide only a brief synopsis of the events leading up to the appeal.

Petitioners, husband and wife, are both citizens of Mexico. They entered the United States, without inspection, in October 1988. The petitioners have three children, one of whom was born in the United States and is a United States citizen. The petitioners sought discretionary cancellation of removal under 8 U.S.C. §1229b(b)(1).

On October 25, 1999, the Immigration Judge (IJ) issued an oral decision denying petitioners' application for cancellation of removal and approving petitioners' application for voluntary departure. The IJ found that no "exceptional and extremely unusual hardship" would result from the petitioners' removal. The petitioners appealed to the BIA, which affirmed the IJ's decision without opinion. The petitioners filed a timely appeal.

1. Judicial Review of "Exceptional and Extremely Unusual Hardship" Determinations

Under section 240A(b) of the Immigration and Naturalization Act (INA), the Attorney General has discretion to cancel the removal of a non-permanent resident if, among other factors, it is established "that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or *child*, who is a *citizen of the United States . . ..*" 8 U.S.C. §1229b(b)(1)(D) (emphasis added). Subsection (a)(2)(B) of 8 U.S.C. provides that "no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 1229b . . .," thus barring judicial review

of cancellation of removal decisions. Because this case involves the granting of relief under § 1229b, this jurisdictional bar is implicated. *See Mendez-Moranchel v. Ashcroft*, 338 F.3d 176, 179 (3d Cir. 2003).

In *Mendez-Moranchel*, we held that "§ 1252(a)(2)(B)(i) strips us of jurisdiction to review certain discretionary decisions under the Immigration and Naturalization Act as enumerated by the statute," and further "[t]he decision whether an alien meets the hardship requirement in 8 U.S.C. §1229b is such a discretionary judgment." *Id*. We also noted that this decision was consistent with other circuits that considered whether the hardship requirement was discretionary and thus unreviewable. *Id*. Therefore, because the IJ's determination was based on a finding that the "exceptional and extremely unusual hardship" requirement was not met, which was within his discretionary power, we lack jurisdiction to review the decision to deny the petitioners application for cancellation of removal.

## 2. Due Process Violation

Petitioners also claim that they were denied their due process rights when the BIA summarily affirmed the decision of the IJ. Pursuant to 8 C.F.R. § 3.1(a)(7), the BIA may affirm, without opinion, the decision of the IJ if the Board determines the result was correct and any errors were harmless and immaterial. 8 C.F.R. § 3.1(a)(7)(ii).

In *Dia v. Ashcroft*, 353 F.3d 228 (3rd Cir. 2003), we concluded that these streamlining regulations do not violate due process. *Id.* at 238. Because the streamlining regulations comport with due process, the BIA's actions in affirming the IJ's order without opinion were proper. Therefore, the petitioners' due process rights were not

violated.

In conclusion, because we do not have jurisdiction to review this appeal, we will deny the petition for review.